## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| DIME COMMUNITY BANCSHARES, INC., VINCENT F. PALAGIANO, MICHAEL P. DEVINE, KENNETH J. MAHON, ROSEMARIE CHEN, STEVEN D. COHN, PATRICK E. CURTIN, KATHLEEN M. NELSON, JOSEPH J. PERRY, KEVIN STEIN, and BARBARA G. KOSTER, | ) CLASS ACTION ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on July 1, 2020 (the "Proposed Transaction"), pursuant to which Dime Community Bancshares, Inc. ("Dime" or the "Company") will be acquired by Bridge Bancorp, Inc. ("Bridge").

2. On July 1, 2020, Dime's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Bridge. Pursuant to the terms of the Merger Agreement, Dime's stockholders will receive 0.648 shares of Bridge common stock for each share of Dime common stock they own.

3. September 14, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Dime common stock.

9. Defendant Dime is a Delaware corporation and maintains its principal executive offices at 300 Cadman Plaza West, 8th Floor, Brooklyn, New York 11201. Dime's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "DCOM."

10. Defendant Vincent F. Palagiano is Chairman of the Board of the Company.

11. Defendant Michael P. Devine is Vice Chairman of the Board of the Company.

12. Defendant Kenneth J. Mahon is Chief Executive Officer and a director of the Company.

13. Defendant Rosemarie Chen is a director of the Company.

14. Defendant Steven D. Cohn is a director of the Company.

15. Defendant Patrick E. Curtin is a director of the Company.

16. Defendant Kathleen M. Nelson is a director of the Company.

17. Defendant Joseph J. Perry is a director of the Company.

18. Defendant Kevin Stein is a director of the Company.

19. Defendant Barbara G. Koster is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Dime (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. As of July 1, 2020, there were approximately 33,087,049 shares of Dime common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if

defendants' conduct complained of herein continues.

25. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

28. Dime is the holding company for Dime Community Bank, a New York State-chartered community commercial bank that was founded in 1864.

29. Dime Community Bank is headquartered in Brooklyn, New York and operates twenty-eight banking offices located throughout Brooklyn, Queens, the Bronx, Nassau, and Suffolk Counties, New York.

30. On July 1, 2020, Dime's Board caused the Company to enter into the Merger Agreement with Bridge.

31. Pursuant to the terms of the Merger Agreement, Dime's stockholders will receive 0.6480 shares of Bridge common stock for each share of Dime common stock they own.

32. According to the press release announcing the Proposed Transaction:

> Bridge Bancorp, Inc. (Nasdaq: BDGE) ("Bridge"), the parent company of BNB Bank, and Dime Community Bancshares, Inc. (Nasdaq: DCOM) ("Dime"), the parent company of Dime Community Bank, today announced that they have entered into a definitive merger agreement pursuant to which the companies will combine in an all-stock merger of equals transaction, valued at approximately $489 million. The merger combines two complementary banking platforms to create a premier community-based business bank. The combined company will have over $11 billion in assets, over $8 billion in total deposits, and 66 branches spanning Montauk to Manhattan. . . .
>
> Transaction Details
>
> Under the terms of the merger agreement, which was unanimously approved by the boards of directors of both companies, Dime will merge with and into Bridge, with Bridge as the surviving corporation, and Dime Community Bank will merge with and into BNB Bank, with BNB Bank as the surviving institution. Following the closing of the transaction, Dime shareholders will receive 0.6480 shares of Bridge common stock for each share of Dime common stock they own. Each outstanding share of Dime's 5.50% Fixed-Rate Non-Cumulative Perpetual Preferred Stock, Series A will be converted into the right to receive one share of a newly created series of preferred stock of Bridge with the same preferences and rights. Upon completion of the transaction, which is subject to both Dime and Bridge shareholder approval, Dime shareholders will own approximately 52% and Bridge shareholders will own approximately 48% of the combined company. . . .
>
> Timing and Approvals
>
> The merger is expected to close in the first quarter of 2021, subject to satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of each company.
>
> Advisors
>
> Piper Sandler Companies is acting as financial advisor, and has rendered a fairness opinion to the board of directors of Bridge. Luse Gorman, PC is serving as legal counsel to Bridge. Raymond James is acting as financial advisor, and has rendered a fairness opinion to the board of directors of Dime. Holland & Knight LLP is serving as legal counsel to Dime.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

33. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

34. As set forth below, the Registration Statement omits material information.

35. First, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Raymond James & Associates, Inc. ("Raymond James").

36. With respect to Raymond James' Contribution Analysis, the Registration Statement fails to disclose: (i) total assets; (ii) gross loans; (iii) total deposits; (iv) non-interest bearing deposits; (v) tangible common equity; (vi) last twelve months core net income; (vii) estimated 2020 net income; and (viii) estimated 2021 net income.

37. With respect to Raymond James' Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) Raymond James' basis for applying multiples ranging from 11.0x to 13.0x; (ii) estimated 2025 earnings; (iii) the terminal values for Dime and Bridge; and (iv) the individual inputs and assumptions underlying the discount rates ranging from 9.75% to 12.75%.

38. With respect to Raymond James' Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

39. With respect to Raymond James' Pro Forma Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 9.00% to 12.00%; (ii) the estimated excess cash flows that the pro forma resulting company could generate over the period from July 1, 2020 through December 31, 2024 and all underlying line items; (iii) the pro forma resulting company's terminal

6

values; and (iv) Raymond James' basis for applying a range of 11.0x to 13.0x to the pro forma resulting company's estimated 2025 earnings.

40. With respect to Raymond James' Pro Forma Impact Analysis, the Registration Statement fails to disclose: (i) the pro forma assumptions used in the analysis; (ii) the extent to which the Proposed Transaction could be dilutive to Dime's estimated tangible book value per share; and (iii) the extent to which the Proposed Transaction could be accretive to Dime's estimated 2021 and 2022 earnings per share and estimated 2021 and 2022 dividends per share.

41. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

42. Second, the Registration Statement omits material information regarding Raymond James.

43. The Registration Statement fails to disclose the amount of compensation Raymond James has received or will receive for: (i) serving as joint book-running manager for Dime's public offering of preferred stock in January 2020 and sole book-running manager for Dime's public offering of preferred stock in June 2020; (ii) serving as agent for a share purchase program of Dime; and (iii) engaging in fixed income trading activity with BNB Bank.

44. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

45. The omission of the above-referenced material information renders the Registration Statement false and misleading.

46. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Dime

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Dime is liable as the issuer of these statements.

49. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

50. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

51. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

52. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

53. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

54. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants acted as controlling persons of Dime within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Dime and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

57. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

58. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous

recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

59. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 23, 2020                  **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
     Seth D. Rigrodsky (#3147)
     Brian D. Long (#4347)
     Gina M. Serra (#5387)

**OF COUNSEL:**                                300 Delaware Avenue, Suite 210
                                                 Wilmington, DE 19801
**RM LAW, P.C.**                              Telephone: (302) 295-5310
Richard A. Maniskas                     Facsimile: (302) 654-7530
1055 Westlakes Drive, Suite 300      Email: sdr@rl-legal.com
Berwyn, PA 19312                          Email: bdl@rl-legal.com
Telephone: (484) 324-6800              Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                 *Attorneys for Plaintiff*